UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SHERIE NEUFVILLE,    22 Civ. 6002 (ALC)

        Plaintiff,

  -against-

METRO COMMUNITY HEALTH CENTERS, INC.,

        Defendant.

------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT

Plaintiff Sherie Neufville ("Neufville") submits this memorandum of law in support of her motion for a default judgment.

## FACTS

Defendant Metro Community Health Centers, Inc. ("MCHC"), employed Neufville as a podiatrist from December 2016 until February 2022. Complaint ¶ 6. MCHC is a health clinic with its principal place of business in New York, New York. Id. ¶ 7.

In Autumn 2021, MCHC granted Neufville leave to give birth to and care for a child from approximately November 22, 2021, through February 22, 2022. Id. ¶ 9-10. During Neufville's leave, however, MCHC informed her that she would not have a job when she returned. Id.

PROCEDURAL HISTORY

On July 14, 2022, plaintiff commenced this action pursuant to Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1140. On July 19, 2022, plaintiff served defendant with the Summons and Complaint. Defendant has not responded to the Complaint or the Court's Order to Show Cause why an order entering a default judgment should not issue, or otherwise participated in this action. On May 26, 2023, the Court ordered that judgment be entered in plaintiff's favor against defendant as to liability. The Court also ordered that plaintiff file supplemental materials, including this memorandum of law, explaining the basis for the requested award and a discrepancy in the requested award amount.

DAMAGES

Plaintiff requests a judgment in the amount of $40,051.09, comprising $35,040 in back pay damages, $1,829.09 in interest as of September 10, 2022, attorney fees of $3,000, and costs and disbursements of $582.

Plaintiff seeks a judgment making her "whole for all earnings she would have received but for defendant's unlawful treatment, including but not limited to wages." Complaint 3-4. "Because the lost wages that plaintiff seeks . . . would restore to [her] that which [she] is entitled to if not for defendant's alleged illegal conduct, this remedy is equitable in nature and therefore appropriately recoverable under ERISA." Russell v. Northrop Grumman Corp., 921 F. Supp. 143, 149-53 (E.D.N.Y. 1996); see also, Sandberg v. KPMG Peat Marwich, LLP, 111 F.3d 331, 342 (2d Cir. 1997)(back pay damages available under ERISA). At the time plaintiff went out on leave, she was earning $73.00 per hour for about 16 hours per week, or $1,168 per week. Affidavit of Sherie Neufville ¶ 5. Since her discharge in February 2022, Neufville has lost approximately 30 weeks of back pay, for a total of $35,040. Id., at ¶ 6. (A different backpay figure in the Declaration of Stuart Lichten, ECF No. 13 ¶ 13, was apparently a typographical error. See, attached Declaration of Stuart Lichten.)

## CONCLUSION

The correct amount of backpay damages, according to plaintiff's attached affidavit, is $35,040.

Plaintiff is therefore entitled to a judgment of $40,051.09.

Dated: New York, New York
       June 6, 2023

_____
Stuart Lichten (SL-1258)
Law Office of Stuart Lichten
1115 Broadway – 11th Floor
New York, New York 10010
(646) 734-8450