USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  7/24/2023 _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NEUFVILLE,

               **Plaintiff,**

          **-against-**

METRO COMMUNITY HEALTH

CENTERS, INC.

              **Defendant.**

**22-cv-06002 (ALC)**

**DEFAULT JUDGMENT**

**ANDREW L. CARTER, United States District Judge:**

On May 25, 2023, this Court granted Plaintiff's motion for default judgment against Defendant on her claim for violation of ERISA as to liability. ECF No. 17.[1] In that same order, the Court ordered Plaintiff to file supplemental materials explaining both (1) the basis for the requested award amount and (2) the discrepancy, see ECF No. 17 at 7-8, in the requested award amount. *Id*. Plaintiff requested an extension of the Court's deadline until June 23, 2023. ECF No. 18. The Court granted this request and ordered Defendant to show cause in writing by affidavit and memorandum of law filed with the Court and served upon Plaintiff on or before June 30, 2023 as to why an order should not be issued pursuant to Federal Rule of Civil Procedure 55 granting Plaintiff's requested damages. ECF No. 19. The Court is in receipt of Plaintiff's supplemental materials. Defendant has failed to respond to the Court's order.

**STANDARD**

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais*

---

[1] For a more fulsome recitation of the factual background of this matter, the parties are directed to this Court's order dated May 25, 2023. ECF No. 17.

*Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id*. at 234 (quoting *Tamarin v. Adam Caterers, Inc*., 13 F.3d 51, 54 (2d Cir. 1993)). An inquiry as to damages requires the district court to: (1) "determin[e] the proper rule for calculating damages on . . . [the] claim" and (2) "assess[ ] plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155. Here, Plaintiff's submissions have not been contested.

## DISCUSSION

No party has requested a hearing on the issue of damages, and Defendant has not submitted any written materials. The Court has thus conducted its inquest based solely on the materials Plaintiff submitted in support of her request for damages. *See Cement & Concrete Workers Dist. Council Welfare Fund*, 699 F.3d at 234. ("[A] district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence.") (citations omitted). Plaintiff requests a judgment making her "whole for all earnings she would have received but for defendant's unlawful treatment, including but not limited to wages." Compl. at 3-4. She specifically requests a judgment in the amount of $40,051.19. *See* Pl's Mem., ECF No. 22 at 2. Plaintiff explains this amount consists of $35,040.00 in back pay damages, $1,829.09 in interest as of September 10, 2022, attorney's fees and costs $3,582.00. *Id*. This Court previously ordered the Plaintiff to address a numerical discrepancy in her motion for default

judgment.[2] *See* Order, ECF No. 17 at 7. Plaintiff has included yet another miscalculation. It appears Plaintiff actually seeks a total judgment of $40,451.09.[3]

In support of her request for backpay damages, Plaintiff filed an affidavit attesting that at the time she went on leave, she was earning $73.00 per hour for about 16 hours per week ($1,168.00 per week). *See* Aff. of Sherie Neufville, ECF No. 25 ¶ 5. Since her discharge in February 2022, Plaintiff lost "approximately 30 weeks of backpay for a total of $35,040." *Id*. ¶ 6. Because "lost wages that plaintiff seeks . . . would restore to [her] that which [she] was entitled to if not for defendant's alleged illegal conduct, this remedy is equitable in nature and therefore appropriately recoverable under ERISA." *Russell v. Northrop Grumman Corp*., 921 F. Supp. 143, 149 (E.D.N.Y. 1996). Plaintiff's request for back pay damages is **GRANTED**.

Additionally, Plaintiff requests an award of attorney's fees of $3,000.00 pursuant to 29 U.S.C. § 1132(g) and $582.00 in costs. *See* Statement of Damages, ECF No. 13-4.  Plaintiff's request is **GRANTED**.

## CONCLUSION

It is hereby **ORDERED** that judgment be entered in Plaintiff's favor against Defendant as to damages in the amount of $40,451.09. The Court requests that the Clerk of Court close this case.

---

[2] Initially, Plaintiff's counsel explained that he seeks an award of $31,040 in lost back pay damages and that he had attached Plaintiff's affidavit where she explains her damages. *See* Lichten Decl., ECF No. 13 ¶ 13. However, Plaintiff did not attach this affidavit. Additionally, in the Statement of Damages, attached as exhibit D to the declaration, Plaintiff's counsel states the "principal amount sued for" is $35,040.00. Ex. D to Lichten Decl., ECF No. 13-4.  In a declaration dated June 23, 2023, Plaintiff's counsel explains this was a clerical error on his part and that the correct back pay damages request is $35,040.00. *See* ECF Nos. 23-24.

[3] $35,040.00 + $1,829.09 + $3,000 + $582.00 = $40,451.09.

**SO ORDERED.**

**Dated:**     **July 24, 2023**
            **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**